UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 14-civ-24508-MORENO

CARLOS E. WIEGERING, M.D., P.A.,

    *Plaintiff*,

vs.

BOSTON SCIENTIFIC CORPORATION,

    *Defendant*.

_____/

## ORDER GRANTING MOTION TO DISMISS

This is an action by an association of physicians, Carlos E. Wiegering, M.D., P.A., to recover for the underpayment of claims for medical services that it provided to Defendant Boston Scientific Corporation's employees pursuant to Boston Scientific's employee healthcare plan.[1] The employees who received medical services assigned their rights to Wiegering, who now seeks to stand in their place to recover the "usual, customary, and reasonable" charges that it billed to Boston Scientific.

Wiegering alleges that it provided $148,750 in services to Boston Scientific's employees at the "usual, customary, and reasonable rate," for which Boston Scientific paid $31,105.74 based on an "arbitrary and capricious" payment methodology that corresponded to the applicable federal Medicare rates. Wiegering brings claims for ERISA violations, breach of contract, and unjust enrichment to recover the remaining $117,644.26 in services provided.

---

[1] While Wiegering did not include the employee healthcare plan in its Complaint, the Court will consider the Plan at the motion to dismiss phase because it is central to Wiegering's claims and undisputed in terms of authenticity. *See Maxcess, Inc. v. Lucent Technologies, Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005).

Boston Scientific now moves to dismiss Wiegering's claims based on the Plan's anti-assignment and rider (allowed charge) provisions. According to Boston Scientific, the Plan's anti-assignment provision deprives Wiegering of standing to bring suit. Further, Boston Scientific contends that it simply applied the Plan's payment methodology to determine the rate at which it reimbursed Wiegering.

In considering Boston Scientific's motion to dismiss, the Court examines whether Wiegering pled "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court further draws all reasonable inferences in Wiegering's favor. *See Dalrymple v. Reno*, 334 F.3d 991, 994 (11th Cir. 2003). Even granting Wiegering the benefit of Rule 12(b)(6)'s liberal pleading standard, Wiegering has not stated a claim that could entitle it to relief.

The plain language of the Plan dictates that Boston Scientific was permitted to reimburse Wiegering based on the applicable Medicare rate. Though Wiegering expected to receive the usual, customary, and reasonable rate for its services, the Plan's rider provision states that claim payments are "based on 150% of the Medicare reimbursement rate (fee schedule amount, payment rate, or reasonable charge), as applicable." *See* Exhibit C, D.E. 15-11. The Plan continues: "The usual and customary charge may sometimes be less than the health care provider's actual charge. If this is the case, you will be responsible for the amount of the covered provider's actual charge that is in excess of the usual and customary charge." *Id.* This type of methodology was held valid and enforceable in *Lieberman v. United Healthcare Insurance Co.*:

> In Lieberman's view, United improperly and arbitrarily picked a reimbursement methodology that operated to minimize its financial responsibility, and as a result, she was left financially responsible for $9,763.16 of a $10,000 service. However, *we agree with the district court that the Certificate expressly affords United the discretion to calculate reimbursement based on a percentage of the relevant Medicare rate and that United had no obligation to select an alternative reimbursement methodology that would have yielded a higher reimbursement to Lieberman.* As the district court correctly stated, Lieberman "is asking the Court to rewrite the Certificate and prevent [United] from exercising the discretion granted to it under the Plan."

*Lieberman v. United Healthcare Insurance Co.*, 413 F. App'x 171, 172 (11th Cir. 2011) (emphasis added).

Here, the Court cannot conclude that Boston Scientific "arbitrarily and capriciously underpaid [Wiegering's] billed charges by applying an unreasonable payment methodology" that corresponded to the applicable Medicare rate. Boston Scientific has a stronger case than the *Lieberman* defendant because, while the defendant in *Lieberman* chose the most self-serving of the available reimbursement methodologies, Boston Scientific applied the only methodology agreed to in the Plan. Wiegering alleges (in vague terms) noncompliance with the Plan, but Wiegering cannot plead around its plain language.

Accordingly, this case is dismissed without prejudice. Wiegering is granted leave to file an amended complaint by September 8, 2015 that details how Boston Scientific "arbitrarily and capriciously" underpaid Wiegering's claims, whether by comparing the payments it received to the applicable Medicare fee schedules or otherwise. At that time, the Court will consider whether the Plan's anti-assignment provision is enforceable under federal law. *E.g.*, *Physicians Multispecialty Group v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295 (11th Cir. 2004).

DONE AND ORDERED in Chambers at Miami, Florida, this 24th day of August, 2015.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record